SCOTT S. WELTMAN, ESQ.
(State Bar No. 145215)
colcaecf@weltman.com
**Weltman, Weinberg & Reis Co., L.P.A.**
323 W. Lakeside Avenue, Suite 200
Cleveland, OH 44113
Telephone: (216) 685-1032
Facsimile: (216) 363-4086
WWR# 21171574 & 21171575
Attorney for Defendants,
National Collegiate Student Loan Trust 2005-3
and National Collegiate Student Loan Trust 2006-3

**UNITED STATES BANKRUPTCY COURT**
**EASTERN OF CALIFORNIA - SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>Rashan Roddney Anderson,<br><br>                              Debtor.<br>_____<br><br>Rashan Roddney Anderson,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>National Collegiate Student Loan Trust 2005-3, et al.<br><br>                              Defendants. | Case No. 15-28759<br>Chapter 7<br><br><br><br>Adversary Proceeding No. 16-02028<br><br>Honorable Christopher D. Jaime<br><br>**PRE-TRIAL MOTION DISMISSING ADVERSARY PROCEEDING FOR LACK OF PROSECUTION OR ALTERNATIVELY TO EXCLUDE WITNESSES AND EVIDENCE OF PLAINTIFF**<br><br><u>Hearing</u><br><br>Date: March 13, 2017<br>Time: 10:30 am<br>Place: Sacramento, Courtroom 32,<br>           Department B |

Defendants National Collegiate Student Loan Trust 2005-3 and National Collegiate Student Loan Trust 2006-3 (collectively referred to herein as "NCSLT" or "Defendants"), by and through counsel, joins Defendant ECMC and brings this Pre-trial Motion (virtually identical to the language of ECMC's motion) seeking dismissal for lack of prosecution or alternatively to exclude all witnesses and evidence in the trial of the above-entitled adversary proceeding as a

result of failing to comply with the Trial Order issued by this Court and Local Bankruptcy Rule 9017-1.

On January 12, 2017, this Court issued a Trial Order (docket 38) directing the parties to comply with Local Bankruptcy Rule 9017-1. Plaintiff was to have his alternate direct testimony declarations and marked exhibits to NCSLT's counsel by March 6, 2017. As of March 9, 2017, the Plaintiff has not served his 9017-1 documents to NCSLT's counsel, nor has NCSLT's counsel been contacted to explain the lateness.

> The purpose of this procedure is to streamline the adducement of direct testimony in trials and contested matters requiring an evidentiary hearing, so as to reduce trial time without sacrificing due process and a fair trial. This procedure shall be known as the Alternate Direct Testimony Procedure.

*Local Bankruptcy Rule 9017-1(a)(1).*

Defendants will be placed at a severe disadvantage without the timely exchange of witness testimony and exhibits in preparing for this trial. Additionally, needless time and expense will be incurred in preparing for a trial that might not occur as a result of the Plaintiff not complying with Rule 9017-1. This Court can and should exclude all witnesses and evidence from the Plaintiff under Rule 9017-1(d).

> *Sanctions for Failure to Comply.* If a party fails to comply with the provisions of this Rule or an order for the timely exchange and lodging with the court of Alternative Direct Testimony Statements, exhibits, or other evidence as ordered by the court, the court may issue appropriate sanctions. The sanctions may include the court excluding such Direct Testimony Statement(s) and the live direct testimony of the witness(es) giving such statements, exhibits, or other evidence presented which were not timely exchanged or presented, or such lesser sanction as appropriate and reasonable. Enforcement of this Rule and the court's orders for timely exchange of evidence is necessary to ensure a fair and proper judicial process and the good faith prosecution of all matters by the parties.

*Local Bankruptcy Rule 9017-1(d).*

Here, Plaintiff has failed to comply with Local Rule 9017-1 by not serving his alternate direct testimony declarations and marked exhibits to NCSLT's counsel by March 6, 2017.

WHEREFORE, Defendant NCSLT respectfully requests this Court dismiss the above-entitled adversary proceeding for lack of prosecution or alternatively to exclude all witnesses and evidence in the trial as result of not complying with this Court's Pre- trial Order and Local Bankruptcy Rule 9017-1. To not do so would place NCSLT and the other defendants at a severe disadvantage.

Dated: <u>March 9, 2017</u>　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　<u>/s/ Scott S. Weltman</u>
　　　　　　　　　　　　　　　　　　　　　　Scott S. Weltman (145215)
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants,
　　　　　　　　　　　　　　　　　　　　　　National Collegiate Student Loan Trust 2005-3
　　　　　　　　　　　　　　　　　　　　　　National Collegiate Student Loan Trust 2006-3